THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FREDERICK SCHOENHARDT, Defendant.

County Court, Suffolk County, December 6, 1954.

*Frederick Schoenhardt,* defendant in person.

*Harry C. Brenner, District Attorney (Henry Tasker* of counsel), for plaintiff.

HAZLETON, Acting County Judge. This is another application for a writ, error *coram nobis* type, by the defendant, who this time seeks to vacate the judgment of conviction upon his allegation that the statement required to be filed pursuant to section 342-a of the Code of Criminal Procedure, was not filed in 1944, when the defendant plead guilty to the crime of robbery, second degree, which was a lesser degree of the crime for which he had been indicted. Such statement was not filed, although the stenographic record shows the District Attorney did orally make the required statement to the court and that said record was filed. Later, when the omission to file was discovered, the required written statement was submitted and filed.

By this time, although I have met many of the devices seized upon by chronic criminals to cut down or totally avoid the judgments imposed upon them, I must admit that until now, I had not encountered an application based upon a failure to comply with section 342-a of the Code of Criminal Procedure. This section stipulates that when a plea of guilty to a lesser offense than that charged is accepted, the District Attorney must submit to the court a written statement setting forth his reasons for recommending the lesser plea, and that the court shall file same so that it becomes a public record open to inspection. The purpose of requiring the filing of a written statement by a District Attorney is to place such incidents in the open where they belong, and thus prevent possible abuse which might enter when lesser pleas are accepted upon oral recommendations of a District Attorney.

However, such requirement impresses me as being procedural, and when, through inadvertence or mistake, the written statement is not filed, as in the instant case, it can be filed later *nunc pro tunc* so as to supply the omission. It would be a miscarriage

of justice to permit a guilty felon, who already had received consideration when he was permitted to plead guilty to a lesser degree of the crime charged, to succeed in avoiding the judgment of conviction upon the grounds urged here.

Application denied.