**UNITED STATES of America ex rel.
John J. BARRETT, Petitioner,**

v.

**Hon. Daniel E. McMANN, Warden of Auburn State Prison, Auburn, N. Y.,
Respondent.**

**No. 68 Civ. 4080.**

United States District Court
S. D. New York.

Jan. 17, 1969.

------◆------

John J. Barrett, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Amy Juviler, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Petitioner, serving a forty-five year to life sentence at the Auburn State Prison following his conviction upon his plea of guilty to murder in the second degree, seeks his release upon a writ of habeas corpus on a claim that the conviction violated his federal right to due process of law.

Petitioner was indicted on May 16, 1950, for a felony murder, a first degree charge. His case proceeded to trial before a jury, commencing December 14, 1950. He was represented by one of the most experienced and competent trial lawyers practicing in this area. On the fourth day of trial, after the People had presented its direct case, and after several defense witnesses had testified, the petitioner entered a plea of guilty to a reduced charge of murder in the second degree. The thrust of the defense was that petitioner had been intoxicated at the time of the crime, so that the requisite element to sustain a first degree murder charge was lacking. Witnesses on behalf of both the People and the defense testified on this issue.

Petitioner now claims his guilty plea was induced by fear that perjured testimony sponsored by the prosecution on the issue would induce the jury to return a verdict of guilty in the first degree, with electrocution as the penalty. Specifically, he charges that the prosecution knowingly permitted State's witnesses to commit perjury when they testified petitioner was not intoxicated at the time of his arrest immediately following the shooting of the deceased; also, that it knowingly suppressed evidence of his drunkenness.

A reading of the entire record establishes that petitioner's contention is without support. The jury, had the case gone to it, could have found that on April 29, 1950, petitioner attempted to hold up Jacob Wasserman in his jewelry store at 1190 Sixth Avenue, at about twelve o'clock noon; that when Wasserman lowered one of his hands, apparently to get his money which petitioner had demanded at gunpoint, the petitioner shot and fatally wounded him; that petitioner ran from the jewelry store, gun in hand; that he zigzagged his way across the avenue through heavy traffic and went first to a hotel lobby on the other side of the street and then jumped into an eastbound taxi on 46th Street; that he was apprehended, still armed, in the taxi by a policeman assisted by a ci-

vilian, and that at a subsequent stationhouse interrogation he confessed to the shooting. The holdup victim died several days later.

Two policemen and two civilians, prosecution witnesses who were present at the time of petitioner's apprehension, testified that in their respective opinions petitioner did not appear or act drunk; that his conduct was normal and that he did not smell of liquor. A fifth State witness, Detective Sinnott, who, after petitioner's arrest, interrogated him at the stationhouse, testified that petitioner was neither drunk nor sober, and then added petitioner "wasn't drunk because he knew everything that was going on, his speech was clear, but he admitted * * * he was drinking." Sinnott also testified petitioner did smell of alcohol, but distinguished this from a liquor odor.

The defense witnesses testified that petitioner had been drinking during the preceding evening and early morning, up to 8 a. m., before the commission of the crime (which, as already noted, occurred at noon). No evidence was offered to contradict the testimony of the State's witnesses as to petitioner's condition at the time of the shooting. Thus, the evidence of both prosecution and the defense had been fully presented when, as the case was about to close, petitioner offered his plea of guilty to the reduced charge of murder in the second degree, acceptance of which was then orally recommended by the Assistant District Attorney.

Petitioner offers no proof that the State's witnesses committed perjury or that the prosecution suppressed any evidence favorable to his defense. Indeed, there is no showing, nor even a contention, that any person other than those who testified at the trial had any knowledge of petitioner's condition at the time of the shooting. To sustain his charges, petitioner relies solely upon a subsequent statement by the Assistant District Attorney who prosecuted the case. The statement, contained in a written recommendation for the acceptance of the lesser plea dated January 10, 1955, more than four years after the oral acceptance at trial,[1] referred cursorily to some of the trial evidence. It then purported to summarize the case to the effect that the "defendant had been drinking steadily for several days prior to [the date of the crime] * * * and on the morning of that day was quite drunk." The summary accords with the testimony of the defense. The prosecutor concluded his statement with the following: "In view of the fact that the defendant was intoxicated at the time of the commission of the robbery and the Court indicated that he would give the defendant a sentence suitable to the situation, I recommended and the Court accepted the defendant's plea to Murder in the Second Degree."

As a reading of the trial record abundantly establishes, the conclusion by the prosecutor that the petitioner was "intoxicated at the time of the commission of the robbery" is, to say the least, a generous summary of evidence favorable to petitioner. It also completely omits any reference to the testimony of the State's witnesses that petitioner was not

1. At the time of trial N.Y.Code Crim.Proc., § 342–a, required the District Attorney to submit to the Court a written statement of his reasons for recommending the acceptance of a lesser plea than that charged in the indictment. See United States ex rel. Elksnis v. Gilligan, 256 F. Supp. 244, 250 (S.D.N.Y.1966). The record contains no explanation for the delay in the submission of the written recommendation. In 1966 the statute was amended to provide that the statement need not be filed in writing if the District Attorney sets forth his reasons on the record at the time the lesser plea is offered in open court. There is some indication that decisional law permitted the practice even before the statutory amendment. People v. Schoenhardt, 206 Misc. 946, 135 N.Y.S.2d 730 (Suffolk Cy.Ct.1954). In the instant case, at the trial, when defendant offered his plea of guilty, the Court inquired, "Does the District Attorney recommend the acceptance of that plea?" to which the Assistant responded, "I do * * *." The reasons for the recommendation were not then stated.

intoxicated at the time the crime was committed. Apart from the conclusory statement of the Assistant District Attorney, who admittedly was not a witness to petitioner's condition, nothing has been advanced even to suggest that the prosecution witnesses testified falsely as to petitioner's condition. There is not the slightest evidential support for the charge that they perjured themselves when they expressed their opinion, or that the prosecution knowingly fostered perjured testimony. In permitting the petitioner to plead to the lesser offense of second degree murder, the prosecutor 'gave him the benefit of the doubt that the jury, had it received the case, might not have shared.

The petition is dismissed.